

SA:AS/LKG
F. #2015R01810

COGAN, J.
ORENSTEIN, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

   - against -

LASHAWN BALLANCE,
    also known as "Flip,"
TERRELL CARMICHAEL,
    also known as "Rell,"
EDWARD CARRILLO,
    also known as "Super Ed,"
DARRYL KNOWLES,
    also known as "Dollar,"
JOHNNIE MONROE,
    also known as "Nut,"
KYLE WILLIAMS,
    also known as "Sleepy," and
MICHAEL YOUNG,
    also known as "Littles,"

               Defendants.

– – – – – – – – – – – – – –X

INDICTMENT

CR 16-     617
No.

(T. 21, U.S.C., §§ 841(b)(1)(A)(iii),
841(b)(1)(A)(vi), 841(b)(1)(C), 846,
853(a) and 853(p); T. 18, U.S.C., §§
924(d), 981(a)(1)(C), 1951(a), 2 and
3551 et seq.; T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Distribute and Possess With Intent to Distribute Cocaine Base)

     1.     In or about and between September 2015 and May 2016, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants TERRELL CARMICHAEL, also known as "Rell," EDWARD CARRILLO, also

known as "Super Ed," DARRYL KNOWLES, also known as "Dollar," JOHNNIE

MONROE, also known as "Nut," KYLE WILLIAMS, also known as "Sleepy," and

MICHAEL YOUNG, also known as "Littles," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).   The amount of cocaine base involved in the conspiracy attributable to each of the defendants CARMICHAEL, CARRILLO, KNOWLES, MONROE, WILLIAMS and YOUNG as a result of his own conduct, and the conduct of others reasonably foreseeable to him, was 280 grams or more of a substance containing cocaine base.

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Robbery Conspiracy)

2.      On or about March 30, 2016, within the Eastern District of New York and elsewhere, the defendants LASHAWN BALLANCE, also known as "Flip," EDWARD CARRILLO, also known as "Super Ed," and JOHNNIE MONROE, also known as "Nut," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery of narcotics proceeds from an individual in New York, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT THREE
(Robbery Attempt)

3.      On or about March 30, 2016, within the Eastern District of New York and elsewhere, the defendants LASHAWN BALLANCE, also known as "Flip," EDWARD

CARRILLO, also known as "Super Ed," and JOHNNIE MONROE, also known as "Nut,"
together with others, did knowingly and intentionally attempt to obstruct, delay and affect
commerce, and the movement of articles and commodities in commerce, by robbery of
narcotics proceeds from an individual in New York, New York.

(Title 18 United States Code, Sections 1951(a), 2 and 3551 et seq.)

### COUNT FOUR
(Conspiracy to Distribute and Possess With Intent to Distribute Fentanyl and Oxycodone)

4.     In or about and between March 2016 and May 2016, both dates being
approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendants LASHAWN BALLANCE, also known as "Flip," EDWARD CARRILLO, also
known as "Super Ed," and JOHNNIE MONROE, also known as "Nut," did knowingly and
intentionally conspire to distribute and possess with intent to distribute a controlled
substance, which offense involved (a) a substance containing fentanyl, a Schedule II
controlled substance, and (b) a substance containing oxycodone, a Schedule II controlled
substance, contrary to Title 21, United States Code, Section 841(a)(1).   The amount of
fentanyl involved in the conspiracy attributable to each of the defendants BALLANCE,
CARRILLO and MONROE as a result of his own conduct, and the conduct of others
reasonably foreseeable to him, was 400 grams or more of a substance containing fentanyl.
The use of fentanyl involved in the conspiracy attributed to each of the defendants
BALLANCE, CARRILLO and MONROE as a result of his own conduct, and the conduct of
others reasonably foreseeable to him, resulted in the death of Jane Doe #1, an individual

4

whose identity is known to the Grand Jury, on or about April 16, 2016 in Welch, West
Virginia.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(vi) and
841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND FOUR

5.      The United States hereby gives notice to the defendants charged in
Counts One and Four that, upon their conviction of either of such offenses, the government
will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which
requires any person convicted of such offenses to forfeit any property constituting, or derived
from, proceeds obtained directly or indirectly as a result of such offenses, and any property
used, or intended to be used, in any manner or part, to commit, or to facilitate the
commission of such offenses.

6.      If any of the above-described forfeitable property, as a result of any act
or omission of the defendants:

      (a)      cannot be located upon the exercise of due diligence;

      (b)      has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE

7.     The United States hereby gives notice to the defendants charged in Counts Two and Three that, upon their conviction of either of such offenses, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, which constitutes, or is derived from, proceeds traceable to such offenses; and (b) Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any firearm or ammunition involved in or used in such offenses.

8.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

       (a)     cannot be located upon the exercise of due diligence;

       (b)     has been transferred or sold to, or deposited with, a third party;

       (c)     has been placed beyond the jurisdiction of the court;

       (d)     has been substantially diminished in value; or

       (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F. #2015R01810
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

vs.

LASHAWN BALLANCE, also known as "Flip," TERRELL CARMICHAEL, also known as "Rell," EDWARD CARRILLO, also known as "Super Ed," DARRYL KNOWLES, also known as "Dollar," JOHNNIE MONROE, also known as "Nut," KYLE WILLIAMS, also known as "Sleepy," and MICHAEL YOUNG, also known as "Littles,"

Defendants.

## INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(A)(iii), 841(b)(1)(A)(vi), 841(b)(1)(C) 846, 853(a) and 853(p); T. 18, U.S.C., §§ 924(d), 981(a)(1)(C), 1951(a), 2 and 3551 et seq.; T. 21, U.S.C. § 2461(c))

A true bill.

_____
                                Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
                                Clerk

Bail, $ _____

*Andrey Spektor and Lindsay K. Gerdes, Assistant U.S. Attorneys, (718) 254-6475/6155*